UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOARD OF TRUSTEES, SHEET METAL
WORKERS' NATIONAL PENSION FUND,
BOARD OF TRUSTEES, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET
METAL AND AIR CONDITIONING
INDUSTRY,
BOARD OF TRUSTEES, NATIONAL
STABILIZATION AGREEMENT OF THE
SHEET METAL INDUSTRY TRUST FUND,
BOARD OF TRUSTEES, SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST,
BOARD OF TRUSTEES, NATIONAL
ENERGY MANAGEMENT INSTITUTE,

                            Plaintiffs,

                  -against-

MEGRANT CORPORATION,

                            Defendant.
-------------------------------------------------------------------X

**REPORT & RECOMMENDATION**
CV 18-4870 (DRH) (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Having reviewed all of the moving papers, the Court hereby finds as follows:
    *Service of Process and Default*

☑ The record reflects that proper service was made on defendant. **DE [8].**

☑ According to the record, no answer, motion or other appearance was filed on behalf of defendant.

☑ The Clerk has properly entered a notation of default pursuant to Fed. R. Civ. P. 55(a). **DE [11].**

☑ Copies of the original signed Collective Bargaining Agreements were submitted, which cover the specified time periods. **DE [12-2].**

☑ Required Notices were sent to Plaintiff.

      ☑ A Summons was issued and the Defendant was served on September 27, 2018. **DE [8].**

      ☑ When Defendant failed to answer or otherwise respond to the Complaint, at Plaintiff's request, the Clerk of Court entered default against the Defendant. **DE [11].**

I.   Liability

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009). Based upon an examination of the Complaint and the motion papers, this Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the Defendant's liability on the causes of action contained therein. Thus, the Court respectfully recommends that Plaintiffs' motion for a default judgment be granted.

II.   Damages

Based upon ☐ a hearing or ☑ a review of affidavits and other documentary evidence, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997) (stating that a court may rely upon affidavits and documents in calculating damages upon default), the Court finds that Plaintiffs have established damages in the following amounts as against Defendant:

|  |  | Percentage Rate | Time Period | Document supporting award |
|---|---|---|---|---|
| Unpaid Contributions | $8,163.35 | N/A | November 15, 2016 – July 18, 2017 | Compl., DE [1], ¶ 33; Anderson Decl., DE [12-2], ¶ 22; CBA, DE [12-2, Ex. 1], at Art. XII, §§ 21, 24; Trust Agreement, DE [12-2, Ex. 3], at Art. V, § 2 |

| | | | | |
|---|---|---|---|---|
| Exit Contribution[1] | $58,190.91 | N/A | N/A | Compl. ¶¶ 20-23, 27; Anderson Decl. ¶¶ 14-17, 23; CBA at Art. XII, § 24; Trust Agreement at Art. V, § 6 |
| Interest on unpaid contributions | $1,612.12 | 8.50% per annum (or 0.0233% per day, compounded daily) | November 15, 2016 – August 2, 2018 | Compl. ¶ 33; Anderson Decl. ¶ 22; CBA at Art. XII, §§ 21, 24; Trust Agreement at Art. V, § 2(c) |
| Interest on late contributions | N/A | N/A | N/A | N/A |
| Interest on Exit Contribution[2] | $585.88 | 8.50% per annum | June 20, 2018 – August 2, 2018 | Compl. ¶ 43; Anderson Decl. ¶ 25; CBA at Art. XII, § 24; Trust Agreement at Art. V, § 6(g) |
| Post Judgment Interest | N/A | N/A | N/A | N/A |
| Liquidated Damages[3] | $1,632.69 | 20% of the unpaid contributions | N/A | Compl. ¶¶ 33; Anderson Decl. ¶ 22; CBA at |

---

[1] As of July 31, 2017, Megrant ceased to have an obligation to contribute to the Funds because the CBA expired and Megrant did not enter into a successor CBA. (Compl., DE [1], ¶ 27; Anderson Decl., DE [12-2], ¶ 23.) This constituted a withdrawal under ERISA, but Megrant was not required to pay withdrawal liability under ERISA. (Compl. ¶ 27; Anderson Decl. ¶ 23.) Instead, the Funds assessed an Exit Contribution against Megrant, as provided for in the Trust Agreement, equal to the amount of Megrant's contributions due for the 36-month period preceding the month in which Megrant ceased to have an obligation to contribute. (Compl. ¶¶ 20-23; Anderson Decl. ¶¶ 14-17.)

[2] Pursuant to the Trust Agreement, failure to make an Exit Contribution constitutes a delinquency and is treated in the same manner as any other delinquent contribution, such that it is subject to interest and liquidated damages. (Compl. ¶25; Anderson Decl. ¶ 25; Trust Agreement, DE [12-2, Ex. 3], Art. V, § 6(g).)

[3] "In order to be enforceable, a liquidated damages provision in a labor agreement must satisfy two conditions: (1) 'the harm caused by the breach must be very difficult or impossible to estimate' and (2) 'the amount fixed must be a reasonable forecast of just compensation for the harm caused.'" Gesualdi v. Fortunata Carting Inc., 5 F. Supp. 3d 262, 278 (E.D.N.Y. 2014)

| | | | | |
|---|---|---|---|---|
| | | | | Art. XII, §§ 21, 24; Trust Agreement at Art. V, § 2(c) |
| Pre-Liquidated Damages (Late Fees) | N/A | N/A | N/A | N/A |
| Liquidated Damages on the Exit Contribution | $11,638.18 | 20% of the unpaid contributions | N/A | Compl. ¶ 43; Anderson Decl. ¶ 25; CBA at Art. XII, § 24; Trust Agreement at Art. V, § 6(g) |
| Audit Fees[4] | $1,605.00 | N/A | November 2016 – July 2017 | Compl. ¶ 33; Anderson Decl. ¶¶ 20-22; CBA at Art. XII, §§ 21(D), 24; Trust Agreement at Art. V, § 2(d) |
| Total | $83,428.13 | | | |

III.   Attorney's Fees and Costs

Plaintiffs are also entitled to recover reasonable attorney's fees, pursuant to the Collective Bargaining Agreement, the Trust Agreement, and 29 U.S.C. § 1132(g)(2), "which mandates the granting of reasonable attorney's fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." Local 348 Health & Welfare Fund

---

(citations omitted). However, if the amount is de minimis or the nature of the damages is related to delay in payment, an "inquiry into the propriety of liquidated damages may not be necessary." Id. at 278.

[4]   While ERISA does not explicitly allow for the recovery of audit fees, it authorizes such other legal and equitable relief as a court deems appropriate. See 29 U.S.C. § 1132(g)(2). Based on this language, courts have deemed audit costs to be "routinely recoverable in ERISA actions." Ferrara v. CMR Contracting LLC, No. 10-CV-5905, 2012 WL 987497, at *7 (E.D.N.Y. Mar. 6, 2012) (awarding $700 in audit fees for two estimated audits conducted); see also Masino v. A to E., Inc., No. 09 CV 1651, 2010 WL 3780176, at *8-9 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137 in audit fees); Gesualdi v. Andrews Trucking Corp., No. 09 CV 565, 2010 WL 2292392, at *1 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees).

4

v. Milmar Food Group, LLC, No. CV 05-3459, 2006 WL 1025075, at *5 (E.D.N.Y March 24, 2006).  As a general matter, when determining the appropriate amount of attorney's fees to award, the "presumptively reasonable fee" is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).  In determining what constitutes a "reasonable hourly rate," the Court is guided by the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).  "The relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Guiliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)).

Plaintiffs herein seek the following in attorney's fees:

| Name | Position/Title | Hourly Rate Requested | EDNY Hourly Rate | Rate Awarded | Hours | Total |
|---|---|---|---|---|---|---|
| Richard S. Edelman | Senior Partner | $295 | $300 | $295 | 2.3 | $678.50 |
| John R. Mooney | Senior Partner | $295 | $300 | $295 | 0.4 | $118.00 |
| Lauren P. McDermott | Junior Partner | $250 - $275[5] | $300 | $275 | 16.8 | $4,620.00 |
| Diana M. Bardes | Junior Partner | $250 - $275 | $300 | $275 | 1.1 | $302.50 |

---

[5]   Plaintiffs seek a "pre-litigation rate" of $250 per hour for junior partners and a "litigation rate" of $275 per hour for junior partners.  (Edelman Decl. ¶ 12.)  Since both rates are below the hourly rate typically awarded for partners in this district, the Court recommends applying the "litigation rate" of $275 per hour to all hours expended in this action by junior partners.

5

| Caitlin M. Cooper | Paralegal | $150 | $75 | $75 | 10.3 | $772.50 |
|---|---|---|---|---|---|---|
| **TOTAL** | | | | | | **$6,491.50** |

With the exception of the paralegal rate, the Court finds the hourly rates requested by Plaintiffs consistent with the hourly rates generally applied in similar ERISA actions in this District.  See Trustees of the United Teamster Pension Fund v. Juniors Produce Inc., No. 15-CV-6927, 2016 WL 4995023, at *6 (E.D.N.Y. Aug. 31, 2016), adopted by, 2016 WL 4995154 (E.D.N.Y. Sep. 19, 2016) ("Courts in the Eastern District of New York have approved hourly rates ranging from $200-$400 for partners, $100-$300 for associates, and $70-$90 for paralegals."); Gesualdi v. Seacost Petroleum Prods., Inc., 97 F. Supp. 3d 87, 107 (E.D.N.Y. 2015) ("This district has routinely approved rates ranging from $200-$400 for partners, $100-$300 for associates, and $70-$80 for paralegals.").  Paralegal rates in this district generally range from $70-$90 per hour and this Court recommends awarding such fees at the rate of $75 per hour, consistent with that range.  See Juniors Produce Inc., 2016 WL 4995023, at *6; Seacost Petroleum, 97 F. Supp. 3d at 107.

In addition, Plaintiffs seek to recover their litigation costs, which include the court filing fee of $400.00 and $334.00 related to effecting service upon Defendant.  "ERISA provides for the recovery of costs associated with the litigation, see 29 U.S.C. § 1132(g)(2)(D), and a court will generally award those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee paying clients."  Seacost Petroleum, 97 F. Supp. 3d at 109 (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)) (additional citation and internal quotation marks omitted) (alteration in original).

Based on the foregoing, this Court respectfully recommends that Plaintiffs be awarded $6,491.50 in attorney's fees and $734.00 in costs.

## RECOMMENDATION

For the reasons set forth above, this Court respectfully recommends that Plaintiffs' motion for default judgment, appearing at Docket Entry [12], be granted and that Plaintiffs be awarded damages as follows: (1) unpaid contributions in the amount of $8,163.25.00; (2) an Exit Contribution in the amount of $58,190.91; (3) interest on the unpaid contributions in the amount of $1,616.12 through August 2, 2018, with additional interest to be calculated through the date of judgment herein at a rate of 0.0233% per day, compounded daily; (4) interest on the Exit Contribution in the amount of $585.88 through August 2, 2018, with additional interest to be calculated through the date of judgment herein at rate of 0.0233% per day, compounded daily; (5) liquidated damages on the unpaid contributions in the amount of $1,632.69; (6) liquidated damages on the Exit Contribution in the amount of $11,638.18; (7) audit fees in the amount of $1,605.00; (5) attorney's fees in the amount of $6,491.50; and (6) costs in the amount of $734.00, for a total monetary award of $830,653.63, plus additional interest through the date of judgment herein.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiffs to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant at its last known address(es), and to file proof of service on ECF by July 15, 2019. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any requests for an

extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
July 10, 2019

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge